UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19CV1639 NAB |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's response to the June 10, 2019 Order for Petitioner to Show Cause, directing him to show cause why his petition should not be dismissed as untimely. Having reviewed and considered petitioner's response, the Court concludes that the petition is barred by the statute of limitations, and neither the doctrine of equitable tolling nor 28 U.S.C. § 2244(d)(1)(D) apply. The Court will therefore dismiss the petition without further proceedings.

**Background**

As set forth in detail in the Court's June 10, 2019 order, petitioner filed the instant petition after the expiration of the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). Briefly, however, the relevant dates are as follows. Petitioner's state court judgment became final for purposes of the AEDPA on November 24, 2013, and he had until not later than November 24, 2014 to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. He did not file a motion for post-conviction relief, but on July 28, 2017 and March 5, 2018, he filed petitions for habeas corpus relief in state court. Both were denied. Petitioner filed the instant petition in this

1

Court on June 3, 2019, more than four and one-half years after the statute of limitations expired. In the petition, petitioner claimed the state trial court lacked jurisdiction to try him because the bank he robbed was federally insured.

In the June 10, 2019 order, the Court directed petitioner to show cause why his petition should not be dismissed as untimely. In response, petitioner can be understood to argue that his two state habeas petitions should serve to toll the limitations period because they were not rejected as untimely by the state court, and also that they should be treated as motions for post-conviction relief. Petitioner can also be understood to argue entitlement to equitable tolling because his trial attorney erroneously told him the bank he robbed was a "State bank," but a cellmate later told him the bank was federally insured and took him to the law library and showed him a case. (Docket No. 6 at 2). Petitioner then writes: "Thus, petitioner did not discover the factual predicate of his claim until then, and could not have known beforehand by exercise of reasonable diligence." *Id.* Petitioner does not specify when he had that interaction with his cellmate.

## Discussion

Petitioner's July 28, 2017 and March 5, 2018 state court habeas petitions cannot serve to toll the AEDPA's one-year statute of limitations. Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). Properly-filed state habeas applications qualify as "other collateral review" under 28 U.S.C. Section 2244(d)(2). *Polson v. Bowersox*, 595 F.3d 873 (8th Cir. 2010). However, in order for an application to toll the one-year limitations period, it must be filed prior to its expiration. *Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir.

2003). Here, both of petitioner's state habeas petitions were filed after the expiration of the statute of limitations. They therefore cannot serve to toll it. *See id.*

Nor has petitioner demonstrated entitlement to equitable tolling. Equitable tolling is proper when the petitioner has been diligently pursuing his rights, but "extraordinary circumstances" beyond his control made it impossible to file a timely petition. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). "Generally, such circumstances must be external to the petitioner . . .". *Id.* Equitable tolling is also proper if State conduct lured the petitioner into inaction. *Id.* "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.*

In the case at bar, even assuming petitioner was diligently pursuing his rights, he has identified no extraordinary circumstance beyond his control that made it impossible for him to file a timely petition. Petitioner does not explain, nor is it apparent, how his trial counsel affected his ability to file a timely petition, and the mere fact counsel may have been negligent or even ineffective is not an extraordinary circumstance warranting equitable tolling. *See Holland v. Florida*, 560 U.S. 631,655 (2010), *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). Additionally, petitioner alleges nothing tending to show that his failure to timely file the instant petition is attributable to the State.

Finally, petitioner can be understood to contend his petition is timely according to 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year period can begin "on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner contends he did not learn of the factual predicate of his claim until his cellmate told him the bank was federally insured. However, he does not specify

when this interaction occurred, and it is therefore unclear when petitioner believes the one-year period should have begun. Additionally, the fact the bank was federally insured and information about state and federal jurisdiction over criminal cases were things petitioner knew or could have known prior to the expiration of the statute of limitations. Therefore, the instant petition cannot be considered timely under § 2244(d)(1)(D).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Keith Butler's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 19th day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE